USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 2/13/15

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE L&L ENERGY, INC. SECURITIES LITIGATION | Case No.: 13-cv-6704-RA<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE<br><br>EXHIBIT A |
| This Document Relates To: All Actions | |

WHEREAS, Lead Plaintiffs Robert Leonard and Gregg Irvin (collectively "Lead Plaintiffs"), on behalf of all Class Members, on the one hand, and Defendants L&L Energy, Inc. ("L&L"), Dickson V. Lee, Ian G. Robinson, and Clayton Fong (collectively "Defendants" and together with Lead Plaintiffs, the "Settling Parties"), on the other hand, by and through their respective counsel, have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving a settlement in the above-captioned class action (the "Litigation") in accordance with a Stipulation of Settlement dated as of December 15, 2014 (the "Settlement Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for settlement in the Litigation and for dismissal with prejudice of the Litigation as against Defendants;

WHEREAS, the Court, having read and considered the Settlement Stipulation and exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all defined terms herein have the same meanings as set forth in the Settlement Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, and DECREED THAT:

A̶P̶
A̶P̶

1. The Court preliminarily approves the Settlement as being fair, reasonable and adequate, subject to further consideration at a hearing to be held before ~~this Court~~ Judge Abrams on June 26, 2015, at 10:00 a.m. (a date at least 100 days from the date of entry of this Order) (the "Settlement Hearing") to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Settlement Stipulation is fair, reasonable and adequate and should be approved by the Court; whether the Order and Final Judgment, attached as Exhibit B to the Settlement Stipulation should be entered; whether the proposed Plan of Allocation is reasonable and should be approved; whether Lead Counsel's application for an attorneys' fees and expense award should be granted; whether Lead Plaintiffs' application for reimbursement of costs and expenses incurred as a result of their representation of the Class should be approved; to hear any objections by Class Members to the Settlement or proposed Plan of Allocation and to any award of fees and/or expenses to Lead Counsel and to Lead Plaintiffs; and to consider such other matters as the Court may deem appropriate.

2. The District Court finds, preliminarily and for purposes of Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law and fact common to each Class Member; (c) the claims of Lead Plaintiffs are typical of the claims of the Class they seek to represent; (d) Lead Plaintiffs will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to Class Members predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of Settlement only, Lead Plaintiffs are certified as the class representatives on behalf of the Class and the Lead Counsel previously selected by Lead Plaintiffs and appointed by the District Court, Faruqi & Faruqi, LLP and The Rosen Law Firm, P.A., are hereby appointed as Class Counsel.

2

4.  The Class defined as all persons who purchased L&L common stock between August 13, 2009 and September 18, 2013, inclusive. Excluded from the Class are the Defendants, any members of Defendants' immediate families, any entity in which any Defendant has a controlling interest, directors and officers of L&L, and the affiliates, legal representatives, heirs, predecessors, successors and assigns of any such excluded party. Also excluded from the Class are persons who suffered no compensable losses (such as persons who purchased L&L common stock during the class period but sold prior to any partial corrective disclosure).

5.  The Court appoints Strategic Claims Services (the "Claims Administrator") to supervise and administer the notice procedure and processing of claims pursuant to the Settlement Stipulation.

6.  The Court approves the form of the Settlement Notice and Publication Notice, attached hereto as Exhibits A-1 and A-3, respectively, and finds that the mailing and distribution of the Settlement Notice and publishing of the Publication Notice meet the requirements of Rule 23 and due process, and are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled to notice.

7.  The Administrator shall cause the Settlement Notice and the Proof of Claim, substantially in the forms ~~annexed hereto as~~ Docketed as Nos 58-1 and 58-2 (Exhibits A-1 and A-2) respectively, to be mailed, by first-class mail, postage prepaid, on or before ___March 6___, 2015 (*i.e.*, within 20 days of the date of entry of this Order) ("Notice Date"), to all Class Members who can be identified through reasonable effort. Lead Counsel shall cause the Administrator to publish the Settlement Notice and Proof of Claim on its website. Lead Counsel shall serve on counsel for each of the Defendants and file with the Court, no later than 35 days before the Settlement Hearing, proof of mailing of the Settlement Notice and Proof of Claim. The Administrator shall complete the forms by filling in dates consistent with this Order

8.  The Administrator shall cause the Publication Notice, substantially in the form annexed hereto as (Exhibit A-3) Docketed as No. 58-4 to be published once in the national edition of the *Investor's Business Daily* and once over *GlobeNewswire*, on separate days, within 7 days of the Notice Date. Lead Counsel shall, no later than 35 days before the Settlement Hearing, file with the

3

Court proof of publication of the Publication Notice.

9. The Administrator shall be responsible for the receipt of all Proofs of Claim and requests for exclusion and, until further order of the Court, shall preserve all Proofs of Claim and requests for exclusion from any person in response to the notice. The Administrator shall scan and send electronically copies of all requests for exclusion from the Settlement in PDF format (or such other format as shall be agreed) to counsel for each of the Defendants and to Lead Counsel expeditiously after the Administrator receives such requests for exclusion.

10. As part of their reply papers in support of their motion for final approval of the Settlement, Lead Counsel will provide a list of all the persons who have requested exclusion from the Class as defined in the Complaint and all of the information provided to the Administrator for those persons requesting exclusion, and shall certify that all requests for exclusion received have been copied and provided to counsel for each of the Defendants and Lead Counsel.

11. The Administrator shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased L&L common stock during the Class Period as record owners but not as beneficial owners. Such nominees who hold or held L&L common stock for beneficial owners who are members of the Class are directed (a) to provide the Administrator with lists of the names and last known addresses of the beneficial owners for whom they purchased L&L common stock during the Class Period within seven (7) days of receipt of the Settlement Notice, or (b) to send the Settlement Notice and Proof of Claim to the beneficial owners. If the nominee owner elects to send the Settlement Notice and Proof of Claim to the beneficial owners, the nominee owner is directed (i) to request additional copies of the Settlement Notice and Proof of Claim within seven (7) days of receipt of the Settlement Notice, and (ii) to mail the Settlement Notice and Proof of Claim within seven (7) days of receipt of the copies of the Settlement Notice from the Administrator, and upon such mailing the nominee owner shall send a statement to the Administrator confirming that the mailing was made as directed. Such nominee owners shall be reimbursed from the Settlement Fund, after receipt by

the Administrator of proper documentation, for the reasonable expenses of sending the Settlement Notice and Proof of Claim to the beneficial owners.

12. All notice and administrative expenses shall be paid as set forth in the Settlement Stipulation.

13. The Administrator is authorized and directed to undertake the actions contemplated by the Settlement Stipulation, including the payment or reimbursement of any Taxes or Tax Expenses out of the Settlement Fund and the preparation of tax returns, without further order of the Court.

14. Any Class Member who wishes to participate in the distribution(s) from the Net Settlement Fund must complete and submit a Proof of Claim in accordance with the instructions contained therein. Unless otherwise ordered by the Court, all Proofs of Claim must be completed and submitted no later than 75 days from the Notice Date. Unless otherwise ordered by the Court, any Class Member who does not complete and submit a valid Proof of Claim within the time provided shall be barred from sharing in the distribution of the Net Settlement Fund.

15. All eligible persons who do not request exclusion from the Class at least 21 days prior to the Settlement Hearing, and in the form and manner set forth in the Settlement Stipulation and the Settlement Notice, will be bound by the Settlement Stipulation, including, but not limited to, the releases provided therein, and by any judgment or determination of the Court affecting the Class.

16. All eligible persons requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Settlement Stipulation and Settlement Notice.

17. Any eligible member of the Class who has not requested exclusion from the Class may appear at the Settlement Hearing to show cause why the proposed Settlement should not be approved as fair, reasonable and adequate and why a judgment should not be entered thereon; provided, however, that no eligible member of the Class shall be heard or

entitled to contest the approval of the terms and conditions of the Settlement and the Order and Final Judgment to be entered approving the same unless no later than 21 days prior to the date set for the Settlement Hearing, such eligible Class Member has served by hand, mail or by overnight delivery written objections and copies of any supporting papers and briefs (which must contain proof of all purchases of L&L common stock during the Class Period and price(s) paid) upon each of the following:

> Phillip Kim
> The Rosen Law Firm, P.A.
> 275 Madison Ave., 34th Floor
> New York, New York 10016
> **Counsel for the Class**
>
> Rich Gonnello
> Faruqi & Faruqi, LLP
> 369 Lexington Avenue, 10th Floor
> New York, New York 10017
> **Counsel for the Class**
>
> Douglas Greene
> Lane Powell PC
> 1420 Fifth Ave, Suite 4200
> Seattle WA, 98101
> (206) 223-7432
> **Counsel for L&L, Ian G. Robinson, and Clayton Fong**
>
> Aric Wu
> Gibson, Dunn & Crutcher LLP
> 200 Park Avenue
> New York, New York 10166
> **Counsel for Dickson V. Lee**

and has filed said objections, papers and briefs, showing due proof of service upon Lead Counsel and counsel for each of the Defendants, with the Clerk of the United States District Court for the Southern District of New York, 40 Foley Square, Courtroom 1506, New York, NY 10007. Persons who intend to object to the Settlement and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they

6

may seek to call to testify and exhibits they may seek to introduce into evidence at the Settlement Hearing. Any party has the right to object to any testimony or other evidence which a person objecting to the Settlement seeks to introduce.

18. Unless the Court otherwise directs, no member of the Class or other person shall be entitled to object to the Settlement, or the Order and Final Judgment to be entered herein, or otherwise be heard, except by serving and filing written objections as described above. Any person who does not object in the manner prescribed above shall be deemed to have waived such objection in this or any other action or proceeding and shall be bound by all the terms and provisions of the Settlement and by all proceedings, orders and judgment in the Litigation.

19. Lead Counsel shall submit papers in support of final approval of the Settlement and its application for an attorneys' fees and expenses award by no later than 35 days prior to the date set for the Settlement Hearing. Reply papers addressing requests for exclusion or objections to the Settlement, Plan of Allocation, or application for attorneys' fees and expenses, shall be due 7 days prior to the Settlement Hearing.

20. Neither the Defendants nor their respective counsel shall have any responsibility for any Plan of Allocation of the Net Settlement Fund or any application for an attorneys' fees and expenses award submitted by Lead Counsel or for an award for Lead Plaintiffs, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement. Lead Counsel shall be responsible for the apportionment of fees and expenses amongst Lead Counsel.

21. Pending final determination of whether the Settlement should be approved, Lead Plaintiffs, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts the Released Claims against the Released Parties.

22. The administration of the Settlement and the determination of all disputed questions of law and fact with respect to the validity of any claim or right of any person to participate in the distribution of the Net Settlement Fund shall be under the authority of this

Court.

23. The Court retains exclusive jurisdiction over the Litigation to consider all further matters arising out of or connected with the Settlement.

24. Neither the Settlement, nor any of its terms or provisions, nor any of the negotiations or proceedings in connection therewith, shall be construed as an admission or concession by the Defendants or any other Released Parties of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, or as an admission by the Lead Plaintiffs or any Class Members of any lack of merit of the allegations in the Litigation in any respect.

25. THIS RESOLVES Dkt. No. 59.

IT IS SO ORDERED.

Dated: New York, New York
~~2/18/15~~, ~~2014~~

_____
~~Honorable Ronnie Abrams~~
United States District Court for the Southern District of New York

HON. ANDREW J. PECK
United States Magistrate [Judge]
Southern District [of New York]

copies: [signature] Abrams

8